IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

COLIN FRANKLIN HUTCHINSON,
    Petitioner,

vs.                                       Case No.:  5:15cv11/RV/EMT

CHARLES E. SAMUELS, JR.,
    Respondent.
_____/

## ORDER and REPORT AND RECOMMENDATION

    This cause is before the court on a petition for writ of habeas corpus and supporting memorandum, filed pursuant to 28 U.S.C. § 2241 (docs. 1, 2).  Respondent Charles E. Samuels, Jr., Director of the Federal Bureau of Prisons ("BOP"), filed a response with evidentiary support (doc. 16).  Petitioner filed a reply (doc. 19).

    This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of the issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.    BACKGROUND

    On August 28, 2007, Petitioner was released from BOP custody to begin serving a five-year term of supervised release as part of the sentence imposed by the United States District Court for the Northern District of Florida, Case No. 5:03cr11/RS (doc. 16, Ex. 1, Declaration of Angelicia M. Holland ("Holland Decl.") ¶ 3).[1]  On August 22, 2010, the Washington County Sheriff's Office

---

[1] According to the judgment in Case No. 5:03cr11/RS, entered August 18, 2003, Petitioner was convicted of one count of conspiracy to possess with intent to distribute more than 500 grams of methamphetamine, and sentenced to 57 months in federal prison followed by a five-year term of supervised release.  *See* United States v. Hutchinson, No. 5:03cr11/RS, Judgment (doc. 103) (N.D. Fla. Aug. 18, 2003).

arrested Petitioner, and he was charged in the Circuit Court in and for Washington County, Florida, Case No. 10-CF-293, with misdemeanor possession of methamphetamine (Holland Decl. ¶ 4, Attach. 1). The state court released Petitioner on bond on August 23, 2010 (*id.*).

On September 20, 2010, this district court issued an arrest warrant for Petitioner's violation of his supervised release ("VOSR") (Holland Decl. ¶ 6, Attach. 3). He was arrested on December 6, 2010, and released on bond the same day (*id.*).

On January 25, 2011, the Circuit Court in and for Holmes County, Florida, sentenced Petitioner in eleven misdemeanor cases, Case Nos. 10-MM-286, 10-MM-287, 10-MM-288, 10-MM-289, 10-MM-290, 10-MM-291, 10-MM-292, 10-MM-293, 10-MM-327, 10-MM-328, and 10-MM-335, to consecutive sentences of six months of probation (Holland Decl. ¶ 7, Attach. 4).

On January 9, 2013, the United States Marshals Service ("USMS") and local officials arrested Petitioner on arrest warrants issued by Holmes County and Washington County (Holland Decl. ¶ 8, Attachs. 5, 6). Petitioner was held in the Gulf County jail from January 9 to January 15, 2013 (Holland Decl. ¶ 8, Attach. 5). On January 15, 2013, Petitioner was transferred to the Holmes County jail to face charges of violation of probation in nine of the ten misdemeanor cases (he had completed his probation in Case No. 10-MM-286) (Holland Decl. ¶ 8, Attach. 6). On January 29, 2013, the Holmes County Circuit Court sentenced Petitioner to ten consecutive terms of ninety days in prison (900 days) for the probation violations (Holland Decl. ¶ 9, Attach. 7). On May 20, 2013, Petitioner was transferred to the custody of Washington County officials for violating his probation in Case No. 10-CF-293 (Holland Decl. ¶ 10, Attach. 1). On July 15, 2013, the Washington County Circuit Court sentenced Petitioner to a three-year mandatory term of imprisonment, followed by five years of probation (Holland Decl. ¶ 11, Attachs. 8, 14). The state court credited Petitioner's sentence with 191 days of jail credit (*id.*). Petitioner was transferred to the Florida Department of Corrections ("FDOC") to serve his state sentences (Holland Decl. ¶ 12, Attachs. 1, 9).

On January 22, 2014, Petitioner was placed in the secondary custody of the USMS, pursuant to a federal writ of habeas corpus ad prosequendum, for disposition of the pending federal VOSR charge in Case No. 5:03cr11/RS. *See* United States v. Hutchinson, No. 5:03cr11/RS, Writ of Habeas Corpus ad Prosequendum for 1/22/2014 (N.D. Fla. Jan. 16, 2014). At a hearing held on March 5, 2014, this district court adjudicated Petitioner guilty of the VOSR and sentenced him to 36 months

of imprisonment in the BOP, to run concurrently with his state sentence(s). *See* Hutchinson, Case No. 5:03cr11/RS, Judgment (N.D. Fla. Mar. 11, 2014). Petitioner was returned to the FDOC (Holland Decl. ¶ 15).

On June 4, 2014, the BOP designated the FDOC for service of Petitioner's federal sentence, effective, effective March 5, 2014, to effectuate the federal court's recommendation that Petitioner's federal sentence run concurrently with the state sentence(s) he was then serving, pursuant to BOP Program Statements 5160.05and 5880.28, Sentence Computation Manual (CCCA of 1984), and 18 U.S.C. § 3585(a), (b) (Holland Decl. ¶¶ 15–18, Attachs. 11–13; *see also* doc. 16, Exs. 2, 3). The BOP credited Petitioner's federal sentence with the following days:

> August 22, 2010 through August 23, 2010 (2 days)
> December 6, 2010 (1 day)
> January 9, 2013 through January 28, 2013 (20 days)

(Holland Decl. ¶¶ 16–18, Attachs. 11, 13). Petitioner was not given prior custody credit on his federal sentence for the period January 29, 2013 through January 21, 2014. Petitioner's scheduled release date from the BOP is September 21, 2016 (Holland Decl. ¶ 15, Attachs. 11, 12).

In this habeas action, Petitioner seeks credit on his federal sentence for the period January 9, 2013 through January 21, 2014 (doc. 1 at 3–4). Respondent contends Petitioner has received all credit to which he is entitled under federal law (doc. 16).

II.   ANALYSIS

Once a petitioner has exhausted his administrative remedies within the BOP, the district court may review the constitutionality of the BOP's decisions and its statutory construction. *See* Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995). The court's analysis, however, is deferential: if the language of the applicable statutory provision clearly outlines its congressional purpose, an interpreting court and administrative agency "'must give effect to the unambiguously expressed intent of Congress.'" *Id.* (citing Chevron USA Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842–44, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984)). If the statute is silent or ambiguous, however, a reviewing court must defer to an agency's reasonable interpretation unless it is "'arbitrary, capricious, or manifestly contrary to the statute.'" *Id.*

Petitioner contends he is entitled to credit on his BOP sentence for the period January 9, 2013 through January 21, 2014.  He states this period encompasses the time between his arrest by the USMS and local officials on January 9, 2013, and the USMS's transporting him for his first appearance in federal court on the VOSR charge (doc. 1 at 3–4).  Petitioner asserts the USMS placed a "hold" on him during this time (*id.* at 4).  He contends the time he spent in non-federal institutions awaiting his appearance in federal court was "in connection" with his federal offense and exclusively the product of action by federal law enforcement such that he should receive credit on his federal sentence for this time, pursuant to 18 U.S.C. § 3585(b) (*see id.*; *see also* doc. 2; doc. 19 at 1–2, 5–10)

Section 3585 of Title 18 provides, in relevant part:

**(a)** **Commencement of sentence**.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).

Section 3621 of Title 18 provides, in relevant part:

**(a) Commitment to custody of Bureau of Prisons**.—A person who has been sentenced to a term of imprisonment pursuant to the provisions of subchapter D of chapter 227 shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed, or until earlier released for satisfactory behavior pursuant to the provisions of section 3624.

**(b) Place of imprisonment**.—The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—

**(1)** the resources of the facility contemplated;

**(2)** the nature and circumstances of the offense;

**(3)** the history and characteristics of the prisoner;

**(4)** any statement by the court that imposed the sentence—

> **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
> **(B)** recommending a type of penal or correctional facility as appropriate; and
>
> **(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(a), (b). Acting through the BOP, the federal Attorney General initially possesses the exclusive authority to determine when a sentence is deemed to "commence," *see* 18 U.S.C. § 3585(a), and to compute sentence credit awards after sentencing. United States v. Wilson, 503 U.S. 329, 331, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992) (citing 18 U.S.C. § 3621(a)); Rodriguez, 60 F.3d at 747. Additionally, the BOP has the exclusive discretion "to designate any institution where prisoners may be held." Hogue v. United States, 287 F.2d 99, 101 (5th Cir. 1961).[2]

The BOP has interpreted § 3585 in Program Statement 5880.28, which provides:

> A prisoner who is in non-federal custody at the time of sentencing may begin service of the federal sentence prior to arriving at the designated federal facility if the non-federal facility is designated in accordance with the Program Statement on Designation of State Institution for Service of Federal Sentence and 18 U.S.C. § 3621 (Imprisonment of a convicted person). This type of designation is ordinarily made only upon the recommendation of the sentencing court.
>
> **In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed.**

(doc. 16, Exh. 2) (emphasis in original).

In Petitioner's case, the federal court imposed Petitioner's 36-month federal sentence on the VOSR on March 5, 2014, and ordered that it run concurrently with his state sentences. When a federal judge orders a federal sentence to run concurrently with a state sentence already imposed, the BOP implements such order ordinarily by designating the state facility as the place to serve the

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit Court of Appeals issued before the close of business on September 30, 1981.

Case No.: 5:15cv11/RV/EMT

federal sentence (*see* doc. 16, Exs. 2, 3).  *See* United States v. Hardesty, 958 F.2d 910 (9th Cir. 1992); BOP Program Statements 5160.05, pp. 4–5, 5880.28, p. 1-13.

Petitioner's assertion that the BOP failed to run his federal sentence concurrent with the undischarged portion of his state sentence is refuted by the BOP's sentence computation documents. The BOP calculated Petitioner's 36-month federal sentence as commencing on March 5, 2014, the date it was imposed (doc. 16, Attach. 11).  *See* Hutchinson, Case No. 5:03cr11/RS, Judgment (doc. 142) (N.D. Fla. Mar. 5, 2014).  The BOP designated the FDOC as the facility for service of Petitioner's federal sentence (*see* Holland Decl. ¶ 15, Attach. 12), thus running Petitioner's federal sentence concurrently with the portion of his state sentence that remained undischarged at the time of his federal sentencing.  Therefore, Petitioner is incorrect in his assertion that the BOP has not effectuated the federal sentencing court's order that his federal sentence run concurrently with his state sentence(s).

Additionally, the BOP's calculation of Petitioner's sentence credit is entitled to deference. Section 3585 speaks not only to the commencement date of a federal sentence, but also to the issue of sentence credit for time spent in detention prior to the commencement date.  In this regard, the statute provides:

> **(b)** **Credit for prior custody**.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> **(1)** as a result of the offense for which the sentence was imposed; or
>
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b) (emphasis added).  As the Supreme Court has held, the BOP determines whether the defendant should receive credit for time spent in custody before the sentence "commenced" in accordance with section 3585(b).  *See* Wilson, 503 U.S. at 334–35 (BOP determines credit issues, not the district courts).  In fact, the federal courts do not have the authority under § 3585 to order the BOP to credit a prisoner with state time served.  *See* United States v. Pineyro, 112 F.3d 43, 45 (2d Cir. 1997).

In Petitioner's case, the BOP granted him sentence credit for the period January 9, 2013 through January 28, 2013 (Holland Decl. ¶ 18, Attachs. 11, 13). The BOP could not grant him credit for the period January 29, 2013 through January 21, 2014, because Petitioner received credit on his state sentence(s) for that period. Petitioner began receiving credit on his Washington County sentence on July 15, 2013, the date it was imposed by the Washington County Circuit Court, and that court granted him pre-sentence credit of 191 days (*see* doc. 16, Attach. 8). Because Petitioner received credit on his state sentence(s) for the period in question (January 29, 2013 through January 21, 2014), the BOP did not have discretion under § 3585 to grant credit on his federal sentence for that period. Indeed, § 3585(b) expressly prohibits the BOP from granting credit for that period. *See* United States v. Rivers, 329 F.3d 119 (2d Cir. 2003) (Bureau of Prisons could not credit defendant for time already served under state sentence, inasmuch as that time had already been credited against state sentences); Rios v. Wiley, 201 F.3d 257, 276 (3d Cir. 2000); United States v. Dennis, 926 F.2d 768, 770 (8th Cir. 1991); *see also, e.g.*, Dupree v. Warden, FCI Miami, 606 F. App'x 559, 560 (11th Cir. 2015) (unpublished) (affirming district court's ruling that petitioner was not entitled to credit toward his federal sentence for the time he had served in state custody because he had already received credit toward his state sentence); Scruggs v. Adkinson, 423 F. App'x 858, 816 (11th Cir. 2011) (unpublished) (same); Rey v. Warden, FCC Coleman-Low, 359 F. App'x 88, 90 (11th Cir. 2009) (unpublished) (same); Castillo v. Fed. Corr. Inst. of Tallahassee, 163 F. App'x 803, 804 (11th Cir. 2006) (unpublished) (same).[3]

III.   CONCLUSION

Petitioner failed to show that the BOP's calculation of his sentence violated the federal sentencing court's order. Further, the BOP effectuated the unambiguous language of the relevant federal statutes, and the agency reasonably interpreted any ambiguous language in a manner that was not arbitrary, capricious, manifestly contrary to the statute, or an unreasonable application thereof. Therefore, the BOP's calculation of Petitioner's federal sentence is entitled to deference under Chevron, 467 U.S. at 837.

---

[3] The undersigned cites unpublished Eleventh Circuit opinions only as persuasive authority and recognizes that the opinions are not considered binding precedent. *See* 11th Cir. R. 36-2.

Case No.:  5:15cv11/RV/EMT

Accordingly it is **ORDERED**:

1. Petitioner's Motion to Take Judicial Notice (doc. 18) is **GRANTED ONLY TO THE EXTENT THAT** the court considered the arguments and assertions set forth in the Motion.

2. Petitioner's Motion for Appointment of Counsel (doc. 20) is **DENIED**.

3. Petitioner's Motion for Hearing (doc. 21) is **DENIED**.

And it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1) be **DENIED**.

At Pensacola, Florida this 3rd day of August 2015.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**